THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 15 B 14354 |
| STEPHEN BRAD CARTER ) | Honorable Timothy A. Barnes |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| David Leibowitz, not individually but ) | |
| as Trustee for the Estate of ) | |
| STEPHEN BRAD CARTER, ) | |
| ) | Adv. No 16 A _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| STEPHEN BRAD CARTER, ) | |
| ) | |
| Defendant. ) | |

**TRUSTEE'S COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO
§§ 727(a)(2) AND (a)(4) OF THE BANKRUPTCY CODE**

David P. Leibowitz ("Trustee" or "Plaintiff"), not individually but as the chapter 7 trustee of the bankruptcy estate of STEPHEN BRAD CARTER ("Defendant" or "Debtor"), brings this complaint seeking the denial of Debtor's discharge pursuant to §§ 727(a)(2) and (a)(4) of the Bankruptcy Code.[1] In support thereof, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (J), and (O).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

4.      By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

## FACTS COMMON TO ALL COUNTS

5.      Defendant filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 22, 2015.

6.      David P. Leibowitz is the duly appointed, qualified and acting chapter 7 trustee in this case.

7.      In response to inquiries made by the Trustee at the meeting of creditors held pursuant to § 341 of the Bankruptcy Code, Debtor amended certain of his bankruptcy schedules. He filed Amended Schedules B and F on July 17, 2015, and he filed Amended Schedules A and D on July 20, 2015.

8.      The Trustee thereafter filed a motion to conduct the Rule 2004 examination of Debtor, which was granted by order entered on December 22, 2015.

9.      The Trustee conducted the Rule 2004 examination of Debtor on January 8, 2016.

10.     During the course of that examination, Debtor revealed many facts which were materially variant from the statements he had previously made, under oath, not only in his original bankruptcy schedules but also in his amended schedules.

11.     Moreover, during the course of that examination, Debtor revealed many facts which establish continuing conduct in violation of the Bankruptcy Code, thereby giving rise to grounds to object to Debtor's discharge, as further set forth below.

12.     It was only after the Trustee's interrogation at the Rule 2004 examination of Debtor on January 8, 2016 that Debtor again amended his Schedules A, D, and F, attempting to address some of the materially false statements he had made in his prior two iterations of his bankruptcy schedules.

### **COUNT I – 11 U.S.C. § 727(a)(4)(A) – False Oaths – Real Estate**

13. Plaintiff repeats and realleges the allegations of paragraphs 1-12 as though fully set forth herein.

14. Pursuant to § 727(a)(4) of the Bankruptcy Code, a debtor's discharge should be denied if (A) the debtor made a statement under oath; (B) such statement was false; (C) the debtor knew the statement was false, or made it with reckless disregard for the truth; (D) the debtor made the statement with fraudulent intent; and (E) the statement related materially to the bankruptcy case.

15. Debtor knowingly and fraudulently made false oaths in this case in his original schedules and in the amended schedules that he filed in July of 2015.

16. In particular, Debtor's original Schedule A fails to schedule any interest in 16W611 Mockingbird Lane, Unit 102, Willowbrook, Illinois (the "Willowbrook Condominium").

17. Debtor's original Schedule D fails to schedule any secured claim in connection with the Willowbrook Condominium to anybody except for an "Assessment" in the amount of zero.

18. Schedule G reflects a "rent to own" contract for the Willowbrook Condominium; however, Schedule G does not reflect any lease on said property from Debtor, as lessor, to anyone else, even though Schedule I reflects $1,000 per month in rental income.

19. In his Amended Schedule A filed on July 20, 2015 Debtor states under oath that he has a fee simple interest in the Willowbrook Condominium. He further states that the Willowbrook Condominium is worth $70,000 and was subject to a secured claim of $71,250 as of the Petition Date.

20. In his Amended Schedule D filed on July 20, 2015, Debtor states under oath that he owed a secured claim, secured by a "mortgage" with respect to the Willowbrook Condominium, to Melissa Bugajsky in the amount of $71,250.

21.     Debtor did not amend Schedule G and thus continued to fail to schedule any lease with respect to the Willowbrook Condominium

22.     After the amendments were filed, upon interrogation by the Trustee at the Rule 2004 examination, Debtor testified that he was buying the Willowbrook Condominium under contract and that he had been renting it out since the commencement of the case for $1,000 per month.

23.     According to Debtor's testimony at the 2004 examination, he used the rent to make payments of $600 monthly on the "mortgage" to Bugajsky, another $280 a month for association fees, and approximately $1,200 or $1,500 per year for taxes.

24.     Debtor further testified that if he makes payments for ten years, he will own the Willowbrook Condominium and that he had already made payments for five years – thus only owing approximately $36,000 on the "mortgage" (i.e., $600 times 12 months times 5 years).

25.     Debtor further admitted at his 2004 examination that while he had scheduled the secured claim on the Willowbrook Condominium at $71,250, he actually owed substantially less on the Petition Date, since he had been making payments for over four years as of that date.

26.     Debtor knew and was fully aware of his circumstances and contractual position with respect to the Willowbrook Condominium in April of 2015, when he filed his original schedules herein, and in July of 2015, when he filed the amended schedules described above.

27.     Debtor's statements with respect to the Willowbrook Condominium in his original schedules and in his July, 2015 amended schedules were made under oath and were knowingly and fraudulently false, because, among other things, they concealed the fact that Debtor had substantial equity in the property.

28.     It was not until after detailed interrogation by the Trustee at Debtor's Rule 2004 examination that Debtor finally, on January 12, 2016, amended his Schedules A and D to disclose that the actual balance owed with respect to the Willowbrook Condominium was only $33,894.50.

29. When Debtor amended his Schedules A and D to reflect the correct balance due of $33,894.50, he simultaneously reduced his estimate of value from $70,000 to $50,000.

30. Debtor must have known the amount outstanding with respect to the Willowbrook Condominium at the outset of this case and at the time he filed his amended schedules in July of 2015.

31. To this date, Debtor has not amended his Schedule G to disclose the lease of the Willowbrook Condominium, pursuant to which he receives $1,000 in rental income per month.

32. Debtor's statements and omissions, made under oath, were knowingly false, were made with fraudulent intent, and related materially to this bankruptcy case.

33. Accordingly, Debtor's discharge should be denied pursuant to §727(a)(4) of the Bankruptcy Code.

**WHEREFORE**, David P. Leibowitz, chapter 7 trustee of the estate of STEPHEN BRAD CARTER, respectfully requests that the Court enter an order: (i) denying the Debtor's discharge pursuant to §727(a)(4) of the Bankruptcy Code; and (ii) awarding such further or additional relief as the Court deems just and appropriate.

### COUNT II – 11 U.S.C. § 727(a)(2)

### Conversion of Post-Petition Rent

34. Plaintiff repeats and realleges the allegations of paragraphs 1-33 as though fully set forth herein.

35. Pursuant to § 727(a)(2) of the Bankruptcy Code, a debtor's discharge should be denied if the debtor, (A) with the intent to hinder, delay, or defraud a creditor or an officer of the estate has (B) transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, (C) (i) property of the debtor within one year before the filing of the petition or (ii) property of the estate after the filing of the petition.

36. Debtor's Schedule I, filed at the commencement of this case in April of 2015, reflects $1,000 per month in rental income, presumably for the Willowbrook Condominium.

37. Debtor's Schedule G fails to disclose any lease with respect to the Willowbrook Condominium or otherwise.

38. Debtor has collected rent on the Willowbrook Condominium every month since the commencement of this case.

39. The rent Debtor has collected on the Willowbrook Condominium every month since the Petition Date is property of this estate.

40. Debtor's failure to remit said rentals to the Trustee was an act taken with the intent to hinder, delay or defraud the Trustee, an officer of the estate, with respect to property of the estate after the date of the filing of the petition.

41. Moreover, even since the date of Debtor's Rule 2004 examination, Debtor has continued to fail to remit to the Trustee rentals collected in connection with the Willowbrook Condominium.

42. Accordingly, Debtor's discharge should be denied pursuant to § 727(a)(2) of the Bankruptcy Code.

**WHEREFORE**, David P. Leibowitz, chapter 7 trustee of the estate of STEPHEN BRAD CARTER, respectfully requests that the Court enter an order: (i) denying the Debtor's discharge pursuant to §727(a)(2) of the Bankruptcy Code; and (ii) awarding such further or additional relief as the Court deems just and appropriate.

## Count III – 11 U.S.C. § 727(a)(2)

### Concealment of Engine and other Assets.

43. Plaintiff repeats and realleges the allegations of paragraphs 1-12 and 35 as though fully set forth herein.

44. In the course of his Rule 2004 examination, Debtor testified that he wrote a check in the amount of $950 to Holly Performance.

45. Debtor at first testified "that was for a car that I was working on."

46. This statement was false and deceptive.

47. In response to the further question "what kind of car," Debtor stated that "it was just an engine for a buddy of mine. He had given me the cash to write the check for him."

48. On information and belief, based on the Trustee's investigation, the engine in question belongs to Debtor and is a 1967 Ford 427 engine, reportedly worth as much as $60,000.

49. On information and belief, based on the Trustee's investigation, Debtor also has possession and ownership of a 1996 Harley Sportster 1200, a 1965 Mustang project car, and a 1929 Model A Roadster with a Ford 390 FE Engine.

50. On information and belief, based on the Trustee's investigation, the Debtor also has possession and ownership of tools and equipment substantially in excess of that disclosed in any of his schedules.

51. Debtor, with the intent to hinder, delay, or defraud the Trustee, an officer of the estate, has concealed, transferred, or removed, or has permitted to be concealed, transferred, or removed, property of the debtor within one year before the filing of the petition or property of the estate after the filing of the petition.

52. Accordingly, Debtor's discharge should be denied pursuant to § 727(a)(2) of the Bankruptcy Code.

**WHEREFORE**, David P. Leibowitz, chapter 7 trustee of the estate of STEPHEN BRAD CARTER, respectfully requests that the Court enter an order: (i) denying the Debtor's discharge pursuant to §727(a)(2) of the Bankruptcy Code; and (ii) awarding such further or additional relief as the Court deems just and appropriate.

## Count IV – FALSE OATH – 11 USC § 727(a)(4)(A)

## AUTOMOTIVE AND RELATED ASSETS

53. Plaintiff repeats and realleges the allegations of Paragraphs 1-12, 35, and 44-50 as though fully set forth herein.

54. Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account concerning his assets in each of the Schedule B's that he filed, including automotive assets as described above.

55. Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account concerning his assets in his Rule 2004 examination.

56. Debtor's statements and omissions were knowingly false, were made with fraudulent intent, and related materially to this bankruptcy case.

57. Accordingly, Debtor's discharge should be denied pursuant to §727(a)(4)(A) of the Bankruptcy Code.

**WHEREFORE**, David P. Leibowitz, chapter 7 trustee of the estate of STEPHEN BRAD CARTER, respectfully requests that the Court enter an order: (i) denying the Debtor's discharge pursuant to §727(a)(4)(A) of the Bankruptcy Code; and (ii) awarding such further or additional relief as the Court deems just and appropriate.

**David P. Leibowitz, not individually but as Chapter 7 Trustee for the Estate of Steven Brad Carter**

By: */s/David P. Leibowitz*
David P. Leibowitz,
One of the Trustee's Attorneys

David P. Leibowitz (ARDC # 1612271)
Lakelaw
53 W. Jackson Boulevard
Suite 1610
Chicago, IL 60604
(312) 360-1501
dleibowitz@lakelaw.com